UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMMIE MICHELLE COBB,<br><br>                              Plaintiff,<br><br>-against-<br><br>INTERNAL REVENUE SERVICE; ANNE MARIE DION; ALLISON VERMETTE; JOHN DOE (IRS UNION REPRESENTATIVE) PHIL,<br><br>                              Defendants. | 24-CV-7949 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Fairfield County, Connecticut, brings this *pro se* action alleging that her employer discriminated against her on the basis of her race and disability in Manchester, New Hampshire. The Court understands Plaintiff to be asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). Named as Defendants are the Internal Revenue Service ("IRS"), Anne Marie Dion, an IRS Officer for whom Plaintiff provides a Manchester, New Hampshire, address; General Manager Allison Vermette, for whom Plaintiff provides a Nashua, New Hampshire, address; District Manager Gerald Melvin, for whom Plaintiff provides a Bronx, New York, address; and John Doe Union Representative known as "Phil," whom Plaintiff alleges resides in New Hampshire. For the following reasons, this action is transferred to the United States District Court for the District of New Hampshire.

## DISCUSSION

Under the venue provision that governs claims under Title VII and the ADA, venue for such a claim is proper in:

any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such [a claim] may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3); *Martinez v. Bloomberg LP*, 740 F.3d 211, 228 (2d Cir. 2014) ("[T]he ADA incorporates Title VII of the Civil Rights Act's special venue provision . . . .").

Plaintiff alleges that she worked at an IRS office in Manchester, New Hampshire, and that the unlawful employment practices giving rise to her claims occurred in Manchester, New Hampshire. She does not allege any facts suggesting that any unlawful employment practice occurred in this District, that the employment records relevant to such employment practices are maintained or administered in this District, or that her employer cannot be found in any other district and that her employer has its principal office in this District.[1] While Plaintiff alleges that Defendant Melvin resides in this District, the residency of a single individual defendant is not relevant to the venue analysis.[2] It is therefore clear from the face of the complaint that venue is not proper in this court under 42 U.S.C. § 2000e-5(f)(3).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff alleges that the unlawful employment practices giving rise to her claims occurred in Manchester, New Hampshire, where it is also

---

[1] This judicial District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[2] The complaint also does not allege any facts explaining how Melvin was involved in the events giving rise to Plaintiff's claims.

likely that the relevant employment records are located. New Hampshire constitutes a single judicial district. *See* 28 U.S.C. § 109. Accordingly, venue lies in the District of New Hampshire, 42 U.S.C. § 2000e-5(f)(3), and in the interest of justice, the Court transfers this action to the United States District Court for the District of New Hampshire, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Hampshire. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 24, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge